UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| JAVIER REYES-GARCIA, | ) | |
| --- | --- | --- |
| Petitioner, | ) ) ) | CV NO.: 07-396-S-EJL  CR NO. 06-106-S-EJL |
| vs. | ) ) | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

Pending before the Court in the above-entitled matter is Petitioner Javier Reyes Garcia's Second Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1 in civil case 07-396-S-EJL and Docket No. 23 in criminal case 06-106-S-EJL).

. **Standard of Review**

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." United States v.

**MEMORANDUM ORDER**

1

Schaflander, 743 F.2d 714, 717 (9th Cir.), cert. denied, 470 U.S. 1058 (1985) (citations omitted); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). However, a district court may summarily dismiss a Section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court.  Thus in order to withstand summary dismissal of his motion for relief under Section 2255, Petitioner "must make specific factual allegations which, if true, would entitle him to relief on his claim." United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990).  In the present case, the legal issues do not require an evidentiary hearing as the Court lacks jurisdiction to rule on the pending motion.

## Background

Petitioner entered a plea of guilty to illegal re-entry into the United States. Petitioner was sentenced by this Court to 76 months imprisonment followed by 3 years of supervised release, $100 special assessment and 120 hours of community service in lieu of a fine.  Petitioner was also sentenced to 12 months imprisonment to run consecutively in criminal case no. 06-155-S-EJL on his supervised release violation due to his federal felony in criminal case 06-106-S-EJL.  The total term of imprisonment was 88 months.

Petitioner filed a notice of appeal.  Petitioner then voluntarily dismissed his appeal.  This Court received the Ninth Circuit's order dated November 6, 2006

**MEMORANDUM ORDER**

dismissing the appeal on November 8, 2006. The first § 2255 motion was filed on March 22, 2007 and was denied by this Court on May 16, 2007. See Civil Case No. 07-143-S-EJL. No appeal was taken from the denial of the first § 2255 motion.

In the second motion filed on September 24, 2007, Petitioner claims the same argument as before that he thought he would receive less time than 88 months and that his probation violation would not be a consecutive sentence. As determined earlier there is nothing in the record to reflect this advice was given by his counsel or by the Court and the Court determined the Petitioner was properly sentenced under the Sentencing Guidelines for both the new federal offense as well as the probation violation. Nor is there any reason why the claim was not raised in the direct appeal that was filed in the underlying criminal case.

Also in the second motion, Petitioner claims he should have 18 months off his sentence because he is a deportable alien and does not qualify for the same reductions for the Bureau of Prisons' drug program and half-way house placement.

## Jurisdiction

This Court is without jurisdiction to rule on the second § 2255 motion. Second or successive 2255 motions cannot be entertained by the District Court unless the motion has been certified as provided by 28 U.S.C. § 2244 and only if the second motion contains either newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. Specifically, before a second or

successive 2255 motion can be filed in District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). The Petitioner in this case has not provided this District Court with a copy of any order from the Ninth Circuit authorizing a second § 2255 motion. Accordingly, this Court is without jurisdiction to rule on the pending motion.

## Order

Being fully advised in the premises, the Court hereby orders that Petitioner Reyes-Garcia's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1 in civil case 07-396-S-EJL and Docket No. 23 in criminal case 06-106-S-EJL) is DENIED and the civil case is DISMISSED IN ITS ENTIRETY.

DATED: **September 25, 2007**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER**
4